UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ISIAH CLINTON,

                                                        **COMPLAINT**

                  Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE OFFICER BIPUL    **JURY TRIAL DEMANDED**
BARMAN, POLICE OFFICER MD SHAH and POLICE
OFFICER CHARLES DEVER,

                  Defendants.
--------------------------------------------------------------------X

     Plaintiff, ISIAH CLINTON ("Plaintiff" or "Mr. Clinton"), by his attorneys, JON L.

NORINSBERG, Esq., complaining of the Defendants, THE CITY OF NEW YORK, ("Defendant"

or "the City"), POLICE OFFICER BIPUL BARMAN, POLICE OFFICER MD SHAH and

POLICE OFFICER CHARLES DEVER, ("Defendant officers" or "the officers"), (collectively,

"Defendants"), respectfully sets forth and alleges as follows:

### PRELMINARY STATEMENT

     1.     This is a civil rights action to recover money damages arising out of Defendants'

violations of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and

of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States

Constitution, 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802 of the New York

Administrative Code, and the common law and laws of the State of New York.

     2.     On October 16, 2023, Plaintiff, ISIAH CLINTON, an emotionally disturbed person

("EDP"), with diagnosed ADHD and bipolar, was chased out of his apartment by Defendants, who

violated multiple established and mandatory police procedures for dealing with EDPs in the

process.

3.      Defendant Officers had responded to a call requesting EMS and police officers at Plaintiff's mother's apartment, located at 400 East 105th Street, to assist Plaintiff during an emotional, manic episode.

4.      After the officers had entered the apartment, Plaintiff left the apartment and headed towards First Avenue on foot prior to the officer's arrival.

5.      While walking towards the intersection, Plaintiff noticed the Defendant officers behind him. Suddenly, and without provocation, the officers began to chase Plaintiff, who was fearful for his life and began to run towards the intersection of First Avenue and East 105th Street ("the intersection").

6.      The Defendant officers' actions caused Plaintiff to run into oncoming traffic at the intersection. As Plaintiff stepped into the intersection, Plaintiff was struck and dragged by a truck hauling a trailer. Plaintiff was immediately knocked unconscious due to the force of the strike.

7.      As detailed further below, the subject police officers violated mandatory rules and regulations of the NYPD for dealing with an EDP, and further violated other NYPD rules and regulations, causing severe and permanent injuries to Plaintiff, Isiah Clinton.

8.      This action is brought against THE CITY OF NEW YORK, POLICE OFFICER BIPUL BARMAN, POLICE OFFICER MD SHAH and POLICE OFFICER CHARLES DEVER, under New York State law, based upon the doctrine of *respondeat superior*, seeking damages for the negligent and reckless actions of three police officers on the date of the subject incident. The nature of the claim also involves the negligent hiring and/or retention of said officers and the negligent supervision, training, retention and/or discipline of said officers.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983.

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

11.     The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Section 1983.

12.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(i), as the Defendants reside and regularly do business within this judicial district.

13.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## COMPLIANCE WITH CONDITIONS PRECEDENT

14.     On December 6, 2023, a Notice of Claim was timely served upon Defendant THE CITY OF NEW YORK within ninety (90) days of the aforesaid cause of action, in compliance with General Municipal Law section 50-e.

15.     Thereafter, on March 29, 2024, the Defendant, THE CITY OF NEW YORK, by its attorneys, conducted a Municipal Hearing of the Plaintiff, in compliance with General Municipal Law § 50-h.

16.     Over thirty (30) days have elapsed since the claim upon which this action is founded was served upon the Defendant for adjustment and said Defendant has neglected and/or refused to make an adjustment or payment thereon for said period of thirty (30) days after such presentation.

17.     This action has been timely commenced prior to the one year and ninety days (1 year and 90 days) Statute of Limitations for actions against municipalities.

18.     Plaintiff has complied with all applicable sections of the General Municipal Law which are conditions precedent to bringing this action against the Defendants.

## THE PARTIES

19.     At all times hereinafter mentioned, Plaintiff, ISIAH CLINTON, was and is a lawful citizen of the State of Connecticut.

20.     At all times hereinafter mentioned, Defendant THE CITY OF NEW YORK, was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

21.     Defendant THE CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, the NEW YORK CITY POLICE DEPARTMENT, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

22.     POLICE OFFICER BIPUL BARMAN, POLICE OFFICER MD SHAH and POLICE OFFICER CHARLES DEVER, were and are at all times relevant herein officers, employees, and agents of the New York City Police Department, and resided in the State of New York.

23.     POLICE OFFICER BIPUL BARMAN, POLICE OFFICER MD SHAH and POLICE OFFICER CHARLES DEVER, are being sued in their individual and official capacities.

24.     At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.

25.     At all times relevant herein, the individual defendants were acting for and on

behalf of the New York City Police Department, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

26.    At all times hereinafter mentioned and at the time of the occurrence, all of the officers involved in this incident were on duty at the time and were acting within the scope of their employment and in furtherance of same, as agents, servants and/or employees of Defendant, THE CITY OF NEW YORK.

## FACTS

27.    On October 16, 2023, at or near First Avenue and East 105th Street, in the County, City and State of New York, Plaintiff, ISIAH CLINTON, who suffers from ADHD and bipolar disorder, was at his mother's apartment, located at 400 East 105th Street, New York, New York. While there, Plaintiff began to experience a manic episode during a disagreement with his sister. As a result of the manic episode, Plaintiff's sister called 911 and advised the dispatcher that Plaintiff suffered from mental illness, and as such, they required EMS and police officer assistance.

28.    Shortly after the call was placed, Defendant Officers arrived at the apartment and began speaking with Plaintiff's mother, Amanda Clinton, and sister, Elaine Clinton.

29.    Upon the Officers' arrival at Plaintiff's mother's apartment, both Plaintiff's sister and his mother advised the Officers that Plaintiff was experiencing a manic episode and required medical assistance. The Officers assured Plaintiff's mother that they were there to assist, would take care of Plaintiff, and that they would "handle it."

30.    While the Officers were speaking with Plaintiff's mother and sister, Plaintiff walked right past the Officers and towards the door of the apartment.

31.     Defendant Officers observed Plaintiff leaving the apartment but did not try to stop him.  They did not issue any commands, orders or directives at that time.

32.      After leaving the apartment, Plaintiff began to walk down East 105th Street towards First Avenue.

33.     Shortly after Plaintiff left the apartment, Defendant Officers asked Plaintiff to speak directly to Plaintiff, whereupon Plaintiff's family explained to them that he had walked right past them and had just left the apartment.

34.     Defendant Officers then told Plaintiff's family not to worry, that they would find Plaintiff and bring him back to the apartment.

35.     Concerned that Plaintiff would be afraid if he saw the officers following him, Plaintiff's family offered to go with them, in order to reassure Plaintiff and calm him down.

36.     However, Defendant officers rebuffed such offers to help, stating dismissively "don't worry, we got this," "stay right here," and "we will find him and bring him back."

37.     Relying on such assurances, Plaintiff's mother and sister remained inside the apartment, as they had been ordered to do by Defendant Officers.

38.     As Plaintiff was walking down the block, he noticed the Defendant Officers rapidly approach him from behind.

39.     Just as Plaintiff's family had feared, upon seeing the subject Officers, Plaintiff became extremely fearful for his life and began to run away from them.

40.     Suddenly, without any warning or provocation, Defendant Officers began chasing after Plaintiff at full speed, screaming and cursing at him as they ran towards him.

41.     The actions of the Officers were so distressing to Plaintiff, that Plaintiff began to run into the intersection of First Avenue and East 105th Street, New York, New York. As Plaintiff

entered the intersection, Plaintiff was suddenly struck by a truck hauling a tractor trailer, which immediately knocked Plaintiff unconscious.

42.    Plaintiff was taken by ambulance to Presbyterian Hospital. Upon hospitalization, Plaintiff was diagnosed with a multifocal intracranial hemorrhage and a traumatic brain injury. Moreover, Plaintiff was diagnosed was left displaced T1/TP fracture in his thoracic spine, a left central disc protrusion at C6/C7, acute displaced bilateral clavicular head fracture, acute left orbit superolateral frontal bone fracture, displaced fracture of his 2-5 left ribs, and a dorsal radial laceration of his left hand. The latter injury which has resulted in permanent loss of use of this hand, which was of particular significance to Plaintiff, as he is left-hand dominant.

43.    The aforementioned injuries are serious and severe in nature and have severely affected Plaintiff's activities of daily living, and have caused him difficulty with focusing, writing, music, and his memory.

44.    Apart from his physical injuries, Plaintiff ISIAH CLINTON has suffered severe psychological trauma and injury from this incident.

45.    Moreover, prior to the incident, Plaintiff, ISIAH CLINTON, was a driver for Lyft. Since the date of this incident, Plaintiff has been unable to return to work as a Lyft driver.

46.    As a result of the aforementioned occurrence, Plaintiff ISIAH CLINTON has experienced, and continues to experience, great pain and suffering, mental anguish and emotional distress, as well as loss of enjoyment of life. Plaintiff was and still is incapacitated and will likely be so for the rest of his life.  Plaintiff was compelled to and did seek medical care and treatment and will in the future be forced to expend additional sums for medical care and treatment.

## **VIOLATION OF MANDATORY NYPD RULES AND REGULATIONS**

47.     Pursuant to the New York Police Department Patrol Guide ("Patrol Guide" or "PG") Section 221-01, the primary duty of members of the New York City Police Department is to protect human life.

48.     The New York City Police Department specifically trains its police officers on how to deal with EDPS, or emotionally disturbed persons. One of the cardinal rules that must be followed is that police officers must engage in active listening and de-escalation of the situation, including building a rapport with the EDP. The officers violated this rule by immediately resorting to yelling at and chasing Plaintiff down the block and into traffic.

49.     Another mandatory NYPD rule is that officers are required to maintain a zone of safety between themselves and the EDP until the Emergency Service Unit ("ESU") and a Patrol Supervisor arrive. The officers violated this rule. The officers did not maintain a zone of safety between themselves and the EDP. Instead, they immediately closed the gap between themselves and Plaintiff by chasing him down the block, forcing him to run into the intersection and oncoming traffic.

50.     The officers on the scene likewise violated mandatory NYPD rules by failing to call for EMS prior to engaging in a chase. Instead, these Officers also engaged in a chase and watched their fellow officers engage in an escalation of the situation, thereby forcing Plaintiff to run into oncoming traffic. All officers on the scene were required to call a Patrol Supervisor before taking any action against an EDP.

51.     The officers' violation of the above rules was a direct and proximate cause of the injuries sustained by Plaintiff ISIAH CLINTON. Specifically, had the officers followed mandatory NYPD procedures for dealing with an EDP, the situation would not have escalated, and Plaintiff

would never have been forced to run into oncoming traffic and would have never been struck by a truck.

52.    The negligence and recklessness of the subject officers on the scene likewise caused and/or contributed to the injuries suffered by Plaintiff ISIAH CLINTON. Had the other officers on the scene followed mandatory police procedures, they would have immediately contacted ESU and requested a Patrol Supervisor to come to the scene before engaging in a chase of Plaintiff. The subject officers' violation of accepted police practices was a proximate cause of the injuries suffered by Plaintiff ISIAH CLINTON.

53.    The foregoing NYPD rules and procedures are not only set forth in the Patrol Guide but are also well-established as proper police practice at the NYPD.  Police officers are trained extensively regarding how to deal with EDPs, and all officers are expected to follow these mandatory directives without exception. The other officers on the scene violated these mandatory rules.

54.    The officers further violated mandatory police rules regarding the use of force against a civilian.  Pursuant to established police procedures, it was the duty of the officers to de-escalate the situation.  Instead, the officers, without any warning or provocation, began chasing Plaintiff, escalating the situation and causing him to run into oncoming traffic at the intersection. Plaintiff had committed no crime, his family had specified that Plaintiff required EMS assistance, and Plaintiff should have been free to go about his business.

## AS AND FOR A FIRST CAUSE OF ACTION
### (False Arrest/False Imprisonment 42 U.S.C. § 1983)

55.    Plaintiff repeats, reiterates, and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

56.    In chasing after Plaintiff, Defendant Officers engaged in an unlawful seizure of

Plaintiff under federal, state and City law.

57.     The acts and conduct of the Defendants therefore constituted a false arrest and false imprisonment under federal law, as well as under the laws of the City and State of New York. Defendant THE CITY OF NEW YORK intended to confine Plaintiff ISIAH CLINTON, and in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

58.     Thereafter, Defendants attempted to conceal their unlawful conduct by filing false, misleading and dishonest criminal charges against Plaintiff.

59.     As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York and the United States Constitution.

60.     Defendant Officers were at all times agents, servants, and employees acting within the scope of their employment by THE CITY OF NEW YORK, who are therefore responsible for their conduct.

61.     Defendant THE CITY OF NEW YORK as the employer of the Defendant Officers, are responsible for their wrongdoing under the doctrine of respondeat superior.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Municipal Liability Under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64.     The aforementioned customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK included, but were not limited to, the following:

10

    i.    Engage in active listening and de-escalation of the situation, including building a rapport with the EDP;

    ii.    Maintaining a zone of safety between themselves and the EDP until the Emergency Service Unit ("ESU") and a Patrol Supervisor arrive;

    iii.    Failing to contact EMS services before engaging in a chase, and

    iv.    Creating a policy where the use of force creates a serious risk to the general population of the City of New York, and recklessly disregarding that risk of serious injury.

65.    The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as has been recently publicized in the news media.

66.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK was the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

67.    Additionally, THE CITY OF NEW YORK'S deliberate indifference to proper training, supervising and/or disciplining of policy making officials, such as defendants POLICE OFFICER BIPUL BARMAN, POLICE OFFICER MD SHAH and POLICE OFFICER CHARLES DEVER, constituted explicit and/or tacit approval of their illegal and unconstitutional conduct.

68.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK, Plaintiff was violently assaulted by police officers, and suffered grievous injuries as a result.

69.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

70.    Defendants, collectively and individually, while acting under color of state law,

acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

71.    The acts complained were a direct and proximate result of the usages, practices, procedures and rules of THE CITY OF NEW YORK, which constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

72.    The foregoing customs, policies, usages, practices, procedures and rules of Defendant THE CITY OF NEW YORK was the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unlawful Deprivation of Liberty)

73.    Plaintiff repeats, realleges and reaffirms each and every paragraph numbered "1" through "72."

74.    The individually named police officer defendants, POLICE OFFICER BIPUL BARMAN, POLICE OFFICER MD SHAH and POLICE OFFICER CHARLES DEVER while acting in concert and within the scope of their authority, caused Plaintiff ISIAH CLINTON to be seized, falsely arrested, and falsely imprisoned without reasonable suspicion and/or probable cause, in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

75.    As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## AS AND FOR AN FOURTH CAUSE OF ACTION
### (Failure to Intervene)

76.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs "1" through "75" with the same force and effect as if more fully set forth at length herein.

77.     Those Defendant officers who did not chase after Plaintiff, but who were present when other officers violated Plaintiff ISIAH CLINTON'S Constitutional Rights, had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

78.     Those Defendant officers failed to intervene to prevent the unlawful conduct described herein.

79.     As a result of the foregoing, Plaintiff suffered severe and permanent injuries, his liberty was restricted, he was put in fear for his safety, and he was humiliated and subject to other physical constraints.

80.     As a direct and proximate result of such acts, Defendants deprived Plaintiff of his rights under the laws of the State of New York.

81.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by Defendant THE CITY OF NEW YORK, which are therefore responsible for their conduct.

82.     Defendant THE CITY OF NEW YORK, as the employer of the officer Defendants, were and are responsible for their wrongdoing under the doctrine of respondeat superior.

83.     As a result of the aforementioned conduct of Defendant, Plaintiff sustained injuries including but not limited to emotional and psychological injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Negligence)

84.    Plaintiff ISIAH CLINTON repeats, realleges and reaffirms each and every paragraph numbered "1" through "83" with the same force and effect as if more fully set forth at length herein.

85.    Defendant CITY OF NEW YORK, and its agents, servants and/or employees, owed a duty to the members of the public, including Plaintiff herein, to exercise reasonable care in carrying out and performing its police functions, and to protect the health, safety and welfare of all persons in the City of New York.

86.    The Defendant Officers breached this duty by flagrantly violating proper police procedures. Specifically, the officers breached this duty by, inter alia: i) failing to maintain a zone of safety with an EDP; iii) failing to contact ESU prior to using force against an EDP;  iv) failing to contact a Patrol Supervisor prior to using force against an EDP; v) unlawfully escalating the situation by chasing after an EDP, causing Plaintiff to run into oncoming traffic; vi) improperly attempting to stop Plaintiff in the first instance, when there was no lawful basis to do so, setting in motion the chain of events that led to Plaintiff's accident and severe injuries.

87.    All of the above Defendant Officers knew, or should have known, that by escalating the situation and chasing an EDP, that the EDP could be injured, as Plaintiff ISIAH CLINTON in fact was injured.

88.    As a direct and proximate result of Defendant Officers' negligent acts and omissions, as set forth above, as well as their reckless disregard for human life, on October 16, 2023, Plaintiff ISIAH CLINTON has been permanently disabled with life-long injuries including, inter alia, traumatic brain injury, fractures to his thoracic spine, bilateral clavicular head, left orbit

bone, and ribs 2-5, all as a direct result of the gross negligence, carelessness, recklessness and wanton disregard for human life by said Officers.

89.     By reason of the negligence of Defendants, Plaintiff has been damaged as set forth above and is entitled to recover all of his damages from Defendants.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Under N.Y. State Law Assault)**

90.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Defendant, THE CITY OF NEW YORK, aforementioned actions placed Plaintiff, ISIAH CLINTON, in apprehension of imminent harmful and offensive bodily contact.

92.     As a result of the foregoing, Plaintiff, ISIAH CLINTON, sustained, *inter alia*, lifelong permanent injuries, past lost earnings and future lost earnings, emotional distress, anxiety and depression.

93.     As a result of Defendants' conduct, Plaintiff, ISIAH CLINTON, has suffered physical pain and mental anguish, together with shock, fright, apprehension, anxiety, and depression, past lost earnings and future lost earnings.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(Under N.Y. State Law: Battery)**

94.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     The subject police officers touched Plaintiff, ISIAH CLINTON, in a harmful and offensive manner when they chased Plaintiff into oncoming traffic, forcing him to be struck by a truck.

96.    The subject police officers did so without privilege or consent from Plaintiff, ISIAH CLINTON, and without any legal justification.

97.    As a result of defendants' conduct, Plaintiff, ISIAH CLINTON, has suffered physical pain and mental anguish, together with shock, fright, apprehension, anxiety, and depression, past lost earnings and future lost earnings.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

98.    Plaintiff ISIAH CLINTON repeats, realleges and reaffirms each and every paragraph numbered "1" through "97" with the same force and effect as if more fully set forth at length herein.

99.    The subject police officers engaged in reckless and grossly negligent conduct which unreasonably endangered Plaintiff ISIAH CLINTON'S health, safety and welfare.

100.    The reckless and grossly negligent actions of the subject officers caused severe emotional distress to Plaintiff ISIAH CLINTON, who was subsequently struck by a moving truck as a direct result of the officers escalating the situation and engaging in an unnecessary chase of Plaintiff.

101.    By reason of the reckless and grossly negligent acts of the subject officers, Plaintiff ISIAH CLINTON has been severely damaged as set forth above and has suffered past lost earnings and future lost earnings as well.

102.    By reason of the foregoing, Plaintiff ISIAH CLINTON is entitled to recover all of his damages from Defendants the CITY OF NEW YORK.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Negligent Hiring/Training/Retention)

103.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Defendant, THE CITY OF NEW YORK, owed a duty to the public at large, including but not limited Plaintiff ISIAH CLINTON, to exercise reasonable care in the selection, hiring and retention of all of its employees, and in particular, those employees with the job responsibility of dealing with the public at large.

105.    Defendant THE CITY OF NEW YORK failed to use reasonable care when it hired the subject officers.

106.    Defendant THE CITY OF NEW YORK failed to make reasonable inquiries into the background of the subject officers, and in particular, into their fitness as police officers dealing directly with the public.

107.    The fact that the subject officers escalated the situation by chasing an EDP into oncoming traffic is, by itself, powerful evidence that the officers were not properly trained on how to handle an EDP without unreasonably endangering the EDP in the process.

108.    Had Defendant THE CITY OF NEW YORK used reasonable care in inquiring into the background of the subject officers, it would have learned that they were patently unqualified for this position, and it would not have hired them.

109.    As a result of the foregoing, Defendant THE CITY OF NEW YORK breached its duty to use reasonable care in the selection and hiring of all of its employees.

110.    As a result of Defendant THE CITY OF NEW YORK negligence in hiring the Defendant officers, Plaintiff ISIAH CLINTON was caused to by struck by a truck, resulting in permanent and lasting physical and psychological injuries.

111.    Defendant THE CITY OF NEW YORK knew, or in the exercise of reasonable care, should have known, that the police officers who escalated the situation had a propensity for violating the rules, guidelines, and procedures of the New York Police Department.

112.    Defendant THE CITY OF NEW YORK knew, or in the exercise of reasonable care, should have known, that the police officers involved in this incident had a propensity for engaging in flagrant violations of accepted police practices, as detailed above. This is compelling evidence that the subject officers were not fit for duty as police officers in the first instance and should never have been hired, much less retained, by defendant THE CITY OF NEW YORK.

113.    Notwithstanding Defendant THE CITY OF NEW YORK'S knowledge of the propensities of the subject officers, defendants retained subject officers as employees, and allowed them to continue to deal directly with the members of the public, including but not limited to, Plaintiff ISIAH CLINTON.

114.    In choosing to hire, and then retain, subject officers, Defendant THE CITY OF NEW YORK breached its duty to the public at large, and to Plaintiff ISIAH CLINTON in particular, to use reasonable care in the selection of its employees.

115.    As a result of Defendant THE CITY OF NEW YORK'S negligent hiring and retention of the subject officers, Plaintiff ISIAH CLINTON suffered a traumatic brain injury, and fractures to his thoracic spine, bilateral clavicular head, left orbit bone, and ribs 2-5, resulting in permanent and lasting physical and psychological injuries.

116.    By reason of the foregoing, Plaintiff ISIAH CLINTON is entitled to recover full compensatory damages, including damages for physical pain and suffering, severe psychological trauma, past lost earnings and future lost earnings, from Defendant THE CITY OF NEW YORK.

**AS AND FOR A TENTH CAUSE OF ACTION**
**(Individual Defendant Officer's Violation of Plaintiff's AC § 8-802 Rights)**

117.    Plaintiff repeats, reiterates, and realleges every allegation contained in paragraphs "1" through "116" as if the same were fully set forth at length herein.

118.    The acts of the Defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom, or usage.

119.    The acts of the Defendant officers caused Plaintiff ISIAH CLINTON to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

120.    The Defendant officers, while in uniform, unlawfully seized the Plaintiff by undertaking an unnecessary chase, and subsequently placing him under arrest while in the hospital, further causing Plaintiff his deprivation of liberty until he was released from police custody.

121.    By reason of the acts and omissions by defendants described above, Plaintiff has endured mental and emotional injuries and was otherwise damaged and injured.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
**(City-Employer's Liability for Defendant Officer's Violation of**
**Plaintiff's AC § 8-802 Rights)**

122.    Plaintiff repeats, reiterates, and realleges every allegation in paragraphs "1" through "121" as if the same were fully set forth at length herein.

123.    Defendant officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

124.    Defendants THE CITY OF NEW YORK as the employer of the covered individual

Defendant officers, are liable to the Plaintiff ISIAH CLINTON for the wrongdoing of the covered individual Defendant officers.

125.    The acts of the Defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

126.    The acts of Defendant officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

127.    The Defendant officers, while in uniform, unlawfully seized Plaintiff by engaging in an unnecessary chase and placing him in custody while at the hospital, further causing his detention.

128.    By reason of the acts and omissions of defendants described above, Plaintiff has endured mental and emotional injuries and was otherwise damaged and injured.

<u>**AS AND FOR A TWELFTH CAUSE OF ACTION**</u>
**(City-Employer's Liability for Defendant Officer's Failure to Intervene in
Violation of Plaintiff's AC § 8-802 Rights)**

129.    Plaintiff repeats, reiterates, and realleges every allegation in paragraphs "1" through "128" as if the same were fully set forth at length herein.

130.    Defendant officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

131.    Defendant THE CITY OF NEW YORK, as the employer of the covered individual Defendant officers, are liable to Plaintiff ISIAH CLINTON for the wrongdoing of the covered

individual defendant officers.

132.    The acts of the Defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

133.    The Defendant officers had a duty to protect Plaintiff ISIAH CLINTON from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

134.    The Defendant officers who did not physically touch Plaintiff but who were present when other officers violated Plaintiff's AC §§ 8 – 802 rights against unreasonable searches and seizures and excessive force, had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

135.    Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failed in their duty to intervene to protect Plaintiff from violation of his rights.

136.    By reason of the acts and omissions of Defendants described above, Plaintiff has suffered physical, mental and emotional injuries and was otherwise damaged and injured.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
**(Violation of Article I, § 12 of the New York State Constitution)**

137.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "136" with the same force and effect as if fully set forth herein.

138.    The aforesaid unlawful conduct of Defendants breached the protections guaranteed to Plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 9, 11, and 12, and including the following rights:

    i.    freedom from unreasonable search and seizure of his person and property;

    ii.      freedom from arrest without probable cause;

    iii.     freedom from excessive force;

    iv.     freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention Plaintiff was aware and did not consent;

    v.      freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and

    vi.     freedom from deprivation of liberty without due process of law.

139.    As a direct and proximate result of Defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered physical, mental, economic, and emotional injuries, as well as a deprivation of liberty.

140.    As a result of the above tortious conduct, Plaintiff was caused to suffer physical, mental, economic, and emotional injuries, as well as a deprivation of liberty.

141.    As a result of the above unconstitutional conduct, Defendant THE CITY OF NEW YORK is liable for the conduct of the individual Defendants and any damages they caused under the doctrine of respondeat superior.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff ISIAH CLINTON demands judgment against the Defendants THE CITY OF NEW YORK, ("Defendant" or "the City"), POLICE OFFICER BIPUL BARMAN, POLICE OFFICER MD SHAH and POLICE OFFICER CHARLES DEVER, ("Defendant officers" or "the officers"), (collectively, "Defendants"), in the sum of ten million dollars ($10,000,000.00) in compensatory damages, five million dollars ($5,000,000.00) in punitive damages, as well as the fees, costs, and disbursements of this action.

Dated:        New York, New York
              May 1, 2024

                              Yours, etc.,


                              _____
                              JON L. NORINSBERG, ESQ.
                              Jon L. Norinsberg, Esq., PLLC
                              *Attorney for Plaintiff*
                              110 East 59th Street, Suite 2300
                              New York, New York 10022
                              jon@norinsberglaw.com
                              erica@norinsberglaw.com